RUSSELL v. BOHN MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1898.)

No. 408.

1. ASSIGNMENT OF ERROR—DIRECTING VERDICT.
   On error to a circuit court from a ruling directing a verdict for the defendant, the assignment of errors should contain a separate specification for each count of the declaration upon which the right to go to the jury is asserted.

2. SAME—REVERSAL—NEW TRIAL.
   A specification that "the court erred in taking the case from the jury, and directing a verdict for the defendant," is sufficient, under rule 11, providing that the court may, at its option, notice a plain error not assigned, and the proceedings will be reversed when, from the record, there appears nothing to bar a recovery on one cause of action set forth in the declaration, but the new trial in such case will involve only questions affecting such cause.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This was an action by Albert Russell against Bohn Manufacturing Company to recover in assumpsit for money had and received. The circuit court directed a verdict for the defendant, and the plaintiff brings error.

Julius H. Johnson and A. B. Melville, for plaintiff in error.
George A. Carpenter, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. In this case the court directed a verdict for the defendant, and the plaintiff prosecutes the writ of error. Besides a number of special counts, based on alleged breaches of contracts for the sale of lumber, the declaration contains the common counts in assumpsit. The ruling of the court in taking the case from the jury involves, therefore, as many separate questions as there are distinct counts, and by a strict construction of rule 11 of this court (21 C. C. A. cxii.) the assignment of errors should have contained a separate specification for each count on which the right to go to the jury is asserted, but, instead, it is alleged in a single specification that the court erred in taking the case from the jury and in directing a verdict for the defendant, and on that we are asked to determine

whether, upon the entire declaration, and especially whether, upon the common count for money had and received, the case should have been submitted to the jury. Under the last clause of the rule "the court, at its option, may notice a plain error not assigned," or, of course, one of that character which is imperfectly assigned. We are of opinion that such an error is apparent in the record. The plaintiff testified distinctly that at the contract prices the lumber received by him amounted to a sum named, and that the payments made exceeded that amount by $1,207.70, and, if that be true, there is nothing in the record to bar a recovery of the excess. Settlements of differences growing out of their contracts were made by the parties on August 23 and December 12, 1893, but payments were made by the plaintiff after the latter date, and the question of overpayment therefore could not have been included in either settlement. In other respects no error is perceived in any of the rulings of the court, and the new trial which is ordered will be only upon the question whether the plaintiff in error is entitled to recover for an excess of payments over the aggregate prices of the lumber received of the defendant. The judgment below is reversed, at the cost of the defendant in error, with direction to grant a new trial.